■ VILLAGE OF PORT CHESTER, Respondent, v WESTCHESTER AVENUE MARINA REALTY, INC., Defendant and Third-Party Plaintiff-Appellant, and JANET PASSARELLI, Appellant. PETER IASILLO, as Mayor of the Village of Port Chester, et al., Third-Party Defendants-Respondents.—In an action pursuant to Executive Law § 382 (3), inter alia, to direct the removal of a building constructed without a permit, Westchester Avenue Marina Realty, Inc., and Janet Passarelli appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 27, 1988, which, inter alia, denied Janet Passarelli's cross motion to dismiss the action as against her, (2) a judgment of the same court dated June 17, 1988, which, inter alia, directed that the subject building be removed, and (3) a judgment of the same court dated June 24, 1988, which dismissed the counterclaim and the third-party action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments dated June 17, 1988, and June 24, 1988, respectively, are affirmed; and it is further,

Ordered that the plaintiff-respondent and the third-party defendants-respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order and brought up for review and have been considered on appeal from the judgment (CPLR 5501 [a] [1]).

We have reviewed the defendants' claims and find them to be either unpreserved for appellate review or meritless. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.